UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS X. KOTAB, | Case No. 2:24-cv-00324-MMD-NJK |
| Plaintiff, | ORDER |
| v. | |
| EIGHTH JUDICIAL DISTRICT COURT, *et al.*, | |
| Defendants. | |

## I.   SUMMARY

*Pro se* Plaintiff Thomas X. Kotab brings this action under 42 U.S.C. § 1983 against Defendants[1] for alleged due process violations related to a state court order of summary eviction. (ECF No. 20 ("First Amended Complaint" or "FAC").) Before the Court is Plaintiff's emergency motion for preliminary injunction to stay eviction (ECF No. 25 ("Motion")). As explained below, because the Court lacks subject matter jurisdiction over this action under the *Rooker-Feldman* doctrine, the Court dismisses this action and denies the Motion as moot.

## II.   DISCUSSION

Plaintiff challenges a state court order of summary eviction against him and alleges various due process violations in relation to the eviction proceedings and appeal of the eviction order. (ECF No. 20.) The Court *sua sponte* finds that it lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. *See Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (finding a court may

---

[1] Defendants are the Eighth Judicial District Court, Las Vegas Justice Court, David F. Brown—hearing master of the Las Vegas Justice Court, Supreme Court of Nevada, Clark County, State of Nevada, Cameron Apartments, Las Vegas Cameron Apts LLC, and Sirius Las Vegas, LLC. (ECF No. 20 at 2-3.)

dismiss claims *sua sponte* for lack of subject matter jurisdiction without violating due process).

The *Rooker-Feldman* doctrine states that federal district courts may not exercise subject matter jurisdiction over a de facto appeal from a state court judgment.[2] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414-17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). The doctrine applies when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from the state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). As part of a refusal to hear a forbidden de facto appeal, a federal district court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (quoting *Noel*, 341 F.3d at 1158).

To determine if an action operates as a de facto appeal, the court "pay[s] close attention to the relief sought by the federal-court plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 990 (9th Cir. 2003)). Where the form of relief would constitute a reversal or "undoing of the prior state-court judgment," *Rooker-Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi*, 334 F.3d at 900 (internal quotations and citations omitted).

Here, Plaintiff asks the Court to declare the state court order of summary eviction and its appeal as "null and void" in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution. (ECF No. 20 at 6.) This requested relief constitutes a forbidden de facto appeal of multiple state court orders. *See Noel*, 341 F.3d at 1163 ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."). To provide Plaintiff with the relief he seeks would require this Court to analyze the state courts' alleged legal errors and void the original order and

---

[2]State court litigants may only achieve federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983).

the appeal, which is squarely barred by *Rooker-Feldman*. Moreover, to the extent Plaintiff seeks other related relief, the Court may not review any issues "inextricably intertwined" with issues addressed by the state court. *See Doe*, 415 F.3d at 1042-43.

Accordingly, the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over Plaintiff's claims, and the Court will dismiss the action and deny the Motion.[3]

### III.   CONCLUSION

The Court notes that Plaintiff made several arguments and cited to several cases

---

[3] Even if the *Rooker-Feldman* doctrine did not serve as a jurisdictional bar, Plaintiff could not bring a Section 1983 claim against any of the Defendants as a matter of law and/or as alleged in the FAC.

Section 1983 claims against the State of Nevada, Supreme Court of Nevada, the Eighth Judicial District Court, Las Vegas Justice Court, and Supreme Court of Nevada—as a state and arms of the state—are barred by Eleventh Amendment immunity. *See Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) (reiterating that "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court"); *see also O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (stating that the Supreme Court of Nevada and a Judicial District Court of Nevada are "agencies of the state" that have Eleventh Amendment immunity).

Plaintiff's claim against David F. Brown, as the hearing master of the Las Vegas Justice Court, fails because judges and those performing judge-like functions, like Brown, have absolute immunity from suit for acts performed in their official capacity. *See Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) ("It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'"); *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir.1981) ("If an official's role is functionally equivalent to that of a judge, the official will be granted equivalent immunity.").

The Section 1983 claims fail against Cameron Apartments, Las Vegas Cameron Apts LLC, and Sirius Las Vegas, LLC, as private parties against which there are no allegations that they acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (noting "the presumption that private conduct does not constitute governmental action").

Lastly, Plaintiff's claim against Clark County also fails because Plaintiff has not alleged any facts showing that the alleged violations were the result of a policy or custom of Clark County as opposed to the other Defendants. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (stating that, to state a claim for municipal or county liability under § 1983, a plaintiff must allege that he suffered a constitutional violation that was the product of a "policy or custom" of the local government unit).

not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that this action is dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

It is further ordered that Plaintiff's emergency motion for preliminary injunction (ECF No. 25) is denied as moot.

The Clerk of Court is directed to close this case.

DATED THIS 23rd Day of April 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE